IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

BADRA KABA,

        Petitioner,

      v.

WARDEN, FOLKSTON ICE PROCESSING
CENTER,

        Respondent.

CIVIL ACTION NO.: 5:25-cv-68

**REPORT AND RECOMMENDATION**

Petitioner Badra Kaba ("Kaba"), who was incarcerated at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas, as amended.[1]  Docs. 1, 8.  Respondent filed a Motion to Dismiss, and Kaba filed Responses.  Docs. 20, 28, 29  Kaba also several Motions.  Docs. 17, 23, 24, 25, 30, 33.  For the following reasons, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss, Kaba's Petition, and Kaba's Motions.  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Kaba leave to appeal *in forma pauperis*.[2]

---

[1]     The Court searched for Kaba using his A Number and his name and alias, and the online locator search revealed no results for him.  https://locator.ice.gov/odls/#/results (last visited Jan. 21, 2026).  Thus, it appears that Kaba is no longer in ICE's custody, but he will have the chance to advise the Court of his status in the event he has not been removed or is otherwise in ICE's custody.

[2]     A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of

**BACKGROUND**

Kaba's allegations concern state criminal proceedings in Bryan County, Georgia.  Doc. 1 at 6.  Kaba contends that he has been detained in ICE's custody for more than two years without being indicted or having gone to trial in Bryan County.  Id.  Kaba asks this Court to release him from detention and remove the detainer against him.  Id. at 7.

Respondent states that this Court lacks jurisdiction over Kaba's Bryan County charges because he is not "in custody" of Bryan County and Kaba's ICE detention is not related to his Bryan County charges.  Doc. 20 at 4–5.  Respondent also contends that Kaba has been ordered removed and is in ICE detention under 8 U.S.C. § 1231(a), which requires detention pending removal proceedings.  Id. at 6.  In addition, Respondent contends, to the extent Kaba is challenging his removal, he cannot do so in a district court via § 2241.  Id. at 7–8.

**DISCUSSION**

**I.    Kaba's Petition Is Now Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'"  Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014).  This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations."  Id.  There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go

a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Kaba his suit is due to be dismissed.  As indicated below, Kaba will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted).  Regarding the mootness strand, the United States Supreme Court has made clear "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).  Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted).  "In such a circumstance, 'dismissal is required because mootness is jurisdictional.'" United States v. Hilario-Cana, 779 F. App'x 700, 700 (11th Cir. 2019) (quoting Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002)).  A "'mootness issue quite clearly can be raised sua sponte . . . .'" Llanes v. Johns, No. 5:19-cv-69, 2020 WL 4210512, at *2 (S.D. Ga. June 30, 2020) (quoting Nat'l Black Police Ass'n v. District of Columbia, 108 F.3d 346, 350 (D.C. Cir. 1997); in turn quoting Medberry v. Crosby, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003))), adopted by, 2020 WL 4208237 (S.D. Ga. July 22, 2020).

Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed.  Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).  "Events which occur subsequent to the filing of a petition may render the matter moot." Johnson v. Glover, No. 1:04-CV-413, 2006 WL 1008986, at *1 (M.D. Ala. Apr. 18, 2006) (citing Nat'l Black Police Ass'n, 108 F.3d at 350).

Here, Kaba asks the Court to be released from ICE's custody.  Doc. 1 at 7; Doc. 8 at 7.  As it appears that Kaba is no longer in ICE's custody,[3] the Court raises mootness sua sponte.  There is no longer a "live controversy" over which the Court can give meaningful relief.  Friends of Everglades, 570 F.3d at 1216.  Accordingly, the Court should **DENY as moot** Respondent's Motion to Dismiss and **DENY as moot** Kaba's Petition for Writ of Habeas Corpus.

**II.      Leave to Appeal *in Forma Pauperis***

The Court should also deny Kaba leave to appeal *in forma pauperis*.  Though Kaba has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251

---

[3]      Respondent submitted the Declaration of Erica Pensack, a deportation office with ICE's Enforcement and Removal Operation ("ERO").  Ms. Pensack declares that ERO obtained travel documents from Guinea for Kaba, which do not expire until January 25, 2026.  Doc. 20-1 at 3, 26.  ICE ERO was making arrangements for Kaba's removal flight to be rescheduled as of September 15, 2025, the date of Ms. Pensack's Declaration.  Id. at 3.  Given that the Court did not get any results on ICE's locator, it seems that Kaba has, indeed, been removed.

F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Kaba *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **DENY as moot** Respondent's Motion to Dismiss, Kaba's Petition, and Kaba's Motions. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Kaba leave to appeal *in forma* pauperis.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may

not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

   **SO REPORTED and RECOMMENDED**, this 21st day of January, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA